UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-24132-CIV-GAYLES/MCALILEY

JET MIAMI LLC,

    Plaintiff,

v.

MIAMI JET INC. and GREGORY HERMANS,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion for Summary Judgment [ECF No. 57]. The action was referred to Magistrate Judge Chris McAliley, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 80]. On August 21, 2019, Judge McAliley issued her report recommending that Defendants' Motion for Summary Judgment be granted (the "Report") [ECF No. 84]. Plaintiff has timely objected to the Report [ECF No. 85] and Defendants have responded to Plaintiff's objections [ECF No. 86].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters,*

*L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In her Report, Judge McAliley found that Plaintiff's tradename, JETMIAMI, is not eligible for protection under the Lanham Act or common law because it is merely a descriptive mark that lacks any secondary meaning. She therefore recommended that the Court enter summary judgment in favor of Defendants, because, without a protected mark, all of Plaintiff's claims fail.

In its objections, Plaintiff argues that the Report failed to consider Florida law and improperly made factual findings as to descriptiveness and lack of secondary meaning. Not so. Judge McAliley fully considered Plaintiff's State Trademark Registration, yet found that "any inference that might be drawn that the State considered Plaintiff's mark to be suggestive, is definitively rebutted by the [Patent and Trademark Office's] denial of Plaintiff's federal application and its express finding that the mark is geographically descriptive." Report at 12. In addition, Judge McAliley considered the Patent and Trademark Office's rejection of Plaintiff's trademark application, the dictionary definition of the word "jet," the imagination test, whether competitors would need to use the term when describing their products, and third-party use of the mark. Applying all of these "tests," Judge McAliley concluded that the undisputed record evidence supports a finding that Plaintiff's mark is descriptive. Moreover, Judge McAliley fully considered the record regarding secondary meaning, including Plaintiff's bad faith argument, and found that the "undisputed facts show that no reasonable jury could reasonably find that the descriptive mark JETMIAMI attained secondary meaning before Defendants began use of their trademark." Report at 19.

Accordingly, having conducted a *de novo* review of the record and the law, the Court agrees with Judge McAliley's well-reasoned analysis and recommendations and finds that summary judgment must be granted in favor of Defendants. *See Gift of Learning Foundation, Inc. v. TGC, Inc.*,

329 F.3d 792, 793 (11th Cir. 2003) (affirming summary judgment entered by district court on grounds that contested term was a descriptive term that had not acquired a secondary meaning).

**CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge McAliley's Report and Recommendation [ECF No. 84] is **ADOPTED in FULL**

(2) Defendants' Motion for Summary Judgment [ECF No. 57] is GRANTED. The Court shall enter a final judgment in favor of Defendants under separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of September, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE